# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------------X
SHEILA ELOME and MARIE SAMEDI,

Plaintiff,

-against-

SVA TRUCKING and CARLOS SOTO-GODOY,

Defendants.
----------------------------------------------------------------------X
To the above named Defendants:

Date filed in Court:

Index No.:

Plaintiff designates KINGS County as the place of trial

The basis of the venue is PLAINTIFF'S ADDRESS

## SUMMONS

Plaintiff's Address:
277 Eastern Parkway, 3H
Brooklyn, NY 11238

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Brooklyn, New York
April 10, 2020

Yours, etc.

Law Offices of Sean H. Rooney
Attorney for Plaintiff
26 Court Street, Suite 1816
Brooklyn, NY 11242
(718) 243-2168

By: ______________________
SEAN H. ROONEY, ESQ.

Defendant's Address:

1) **SVA TRUCKING**
2 Cornell Street
Wharton, NJ 07885

2) **CARLOS SOTO-GODOY**
396 Foxwood Road
Union, NJ 07083

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

-----------------------------------------------------------------------X Index No.:

SHEILA ELOME and MARIE SAMEDI,

Plaintiff,

**VERIFIED COMPLAINT**

-against-

SVA TRUCKING and CARLOS SOTO-GODOY,

Defendants.

-----------------------------------------------------------------------X

Plaintiff, as and for his Complaint, by and through his attorneys, the LAW OFFICES OF SEAN H. ROONEY, complaining of the defendant, respectfully sets forth and alleges upon information and belief as follows:

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF SHEILA ELOME**

1. That at all the times herein alleged, and upon information and belief, plaintiff SHEILA ELOME was and still is a resident of Queens County, City and State of New York.

2. That at all the times herein alleged, and upon information and belief, plaintiff MARIE SAMEDI was and still is a resident of Kings County, City and State of New York.

3. That at all the times herein alleged, and upon information and belief, defendant SVA TRUCKING was and still is a domestic corporation licensed to transact business in the State of New York.

4. That at all the times herein alleged, and upon information and belief, defendant SVA TRUCKING was and still is a foreign corporation licensed to transact business in the State of New York.

5. That at all the times herein alleged, and upon information and belief, defendant SVA TRUCKING was and still is a domestic company licensed to transact business in the State of New York.

6. That at all the times herein alleged, and upon information and belief, defendant SVA TRUCKING was and still is a foreign company licensed to transact business in the State of New York.

7. That at all the times herein alleged, and upon information and belief, defendant CARLOS SOTO-GODOY (hereinafter "SOTO-GODOY") was and still is a resident of the County of Union, City of Union and State of New Jersey.

8. At and during all times hereinafter mentioned, the defendant SVA TRUCKING was the owner of a certain 2020 Truck motor vehicle registered in the State of New Jersey, bearing license plate number AU662Z for the year 2019.

9. At and during all times hereinafter mentioned, the defendant SVA TRUCKING leased a certain 2020 Truck motor vehicle registered in the State of New Jersey, bearing license plate number AU662Z for the year 2019.

10. At and during all times hereinafter mentioned, the defendant SVA TRUCKING maintained and managed a certain 2020 Truck motor vehicle registered in the State of New Jersey, bearing license plate number AU662Z for the year 2019.

11. At and during all times hereinafter mentioned, the defendant SOTO-GODOY was the owner of a certain 2020 Truck motor vehicle registered in the State of New Jersey, bearing license plate number AU662Z for the year 2019.

12. At and during all times hereinafter mentioned, the defendant SOTO-GODOY leased a certain 2020 Truck motor vehicle registered in the State of New Jersey, bearing license plate number AU662Z for the year 2019.

13. At and during all times hereinafter mentioned, the defendant SOTO-GODOY maintained and managed a certain 2020 Truck motor vehicle registered in the State of New Jersey, bearing license plate number AU662Z for the year 2019.

14. At and during all times hereinafter mentioned, the defendant SOTO-GODOY operated and controlled a certain 2014 2020 Truck motor vehicle registered in the State of New Jersey, bearing license plate number AU662Z for the year 2019.

15. At and during all times hereinafter mentioned, the defendant SOTO-GODOY operated and controlled the aforementioned vehicle with permission and consent of the owner.

16. At and during all times hereinafter mentioned, the defendant SOTO-GODOY operated and controlled the aforementioned in furtherance of his employment.

17. That at all times hereinafter mentioned, North Conduit Avenue at or near the intersection with Cohancy Street in the County of Queens, City and State of New York, was and is a public highway and/or thoroughfare.

18. That on August 21, 2019, at the aforesaid location, the defendants' motor vehicle came into contact with the 2000 Toyota motor vehicle operated by the plaintiff SHEILA ELOME bearing license plate number JCG1440.

19. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the

defendant owned, operated, maintained, controlled and managed their motor vehicle without plaintiff SHEILA ELOME in any way contributing thereto.

20. That the defendants are guilty of negligence on the premises that they: were negligent in the ownership, operation, maintenance and/or control of their vehicle; operated the motor vehicle with utter disregard for the safety of other persons and motorists using public street and highways; in the negligent ownership, operation and control of the motor vehicle; in failing to have him attention before him in the instance; in failing to take cognizance of the character of the roadway; in failing to apply the brakes of the motor vehicle properly and in time to avoid the occurrence; in striking plaintiff's stopped vehicle in the rear; in failing to properly observe plaintiff's motor vehicle; in failing to use proper precaution; in failing to have the motor vehicle under proper control; in allowing the motor vehicle to come into contact with that of plaintiff; in causing and allowing the motor vehicle to be operated at an excessive rate of speed under the circumstances; in failing to give plaintiff's notice or warning of the impending occurrence; in failing to apply the brakes; in failing to sound warning; in failing to avoid the occurrence although defendants had opportunity to do so; and in failing to use due care in the operation of the motor vehicle under the circumstances.

21. That by reason of the foregoing and the negligence of the defendant, the plaintiff SHEILA ELOME was severely injured, bruised, wounded, suffered, still suffers, and will continue to suffer for some time physical pain and bodily injuries and became sore sick lame and disabled and so remained for a considerable length of time.

22. That by reason of the foregoing, the plaintiff SHEILA ELOME was compelled to and did necessarily require medical aid and attention and did necessarily

pay and become liable therefor for medicines, and upon information and belief, the plaintiff will necessarily incur similar expenses.

23. That by reason of the foregoing, the plaintiff SHEILA ELOME has been unable to attend to her usual occupation in the manner required.

24. That by reason of the wrongful, negligent and unlawful actions of the defendants aforesaid, the plaintiff SHEILA ELOME sustained serious injuries as defined in Section § 5012(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section § 5012 of the said Insurance Law.

25. That one or more of the exceptions of § 1602 of the Civil Practice Law and Rules do apply to the within action.

26. That as a result of the foregoing, the plaintiff SHEILA ELOME sustained damages in the sum of which exceeds the jurisdiction of all lower Courts.

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF MARIE SAMEDI**

27. Plaintiff repeats, re-alleges and reiterates each and every paragraph contained in paragraphs numbered "1" through "26" inclusive, with the same force and effect as though fully set forth at length herein.

28. That at all times hereinafter mentioned, plaintiff MARIE SAMEDI was a lawful passenger in the vehicle operated by plaintiff SHEILA ELOME.

29. That on August 21, 2019, at the aforesaid location, the defendants' motor vehicle came into contact with the 2000 Toyota motor vehicle operated by the plaintiff SHEILA ELOME bearing license plate number JCG1440.

30. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in which the defendant owned, operated, maintained, controlled and managed their motor vehicle without plaintiff MARIE SAMEDI in any way contributing thereto.

31. That the defendants are guilty of negligence on the premises that they: were negligent in the ownership, operation, maintenance and/or control of their vehicle; operated the motor vehicle with utter disregard for the safety of other persons and motorists using public street and highways; in the negligent ownership, operation and control of the motor vehicle; in failing to have him attention before him in the instance; in failing to take cognizance of the character of the roadway; in failing to apply the brakes of the motor vehicle properly and in time to avoid the occurrence; in striking plaintiff's stopped vehicle in the rear; in failing to properly observe plaintiff's motor vehicle; in failing to use proper precaution; in failing to have the motor vehicle under proper control; in allowing the motor vehicle to come into contact with that of plaintiff; in causing and allowing the motor vehicle to be operated at an excessive rate of speed under the circumstances; in failing to give plaintiff's notice or warning of the impending occurrence; in failing to apply the brakes; in failing to sound warning; in failing to avoid the occurrence although defendants had opportunity to do so; and in failing to use due care in the operation of the motor vehicle under the circumstances.

32. That by reason of the foregoing and the negligence of the defendant, the plaintiff MARIE SAMEDI was severely injured, bruised, wounded, suffered, still suffers, and will continue to suffer for some time physical pain and bodily injuries and became sore sick lame and disabled and so remained for a considerable length of time.

33. That by reason of the foregoing, the plaintiff MARIE SAMEDI was compelled to and did necessarily require medical aid and attention and did necessarily pay and become liable therefor for medicines, and upon information and belief, the plaintiff will necessarily incur similar expenses.

34. That by reason of the foregoing, the plaintiff MARIE SAMEDI has been unable to attend to her usual occupation in the manner required.

35. That by reason of the wrongful, negligent and unlawful actions of the defendants aforesaid, the plaintiff MARIE SAMEDI sustained serious injuries as defined in Section § 5012(d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section § 5012 of the said Insurance Law.

36. That one or more of the exceptions of § 1602 of the Civil Practice Law and Rules do apply to the within action.

37. That as a result of the foregoing, the plaintiff MARIE SAMEDI sustained damages in the sum of which exceeds the jurisdiction of all lower Courts.

## AS AND FOR A THIRD CAUSE OF ACTION

38. Plaintiff repeats, re-alleges and reiterates each and every paragraph contained in paragraphs numbered "1" through "37" inclusive, with the same force and effect as though fully set forth at length herein.

39. That at all times hereinafter mentioned, the vehicle operated by plaintiff SHEILA ELOME was owned by her.

40. That at all times hereinafter mentioned, plaintiff SHEILA ELOME was the owner of a 2000 Toyota motor vehicle bearing New York State plate number JCG1440 for the year 2019.

41. That as a result of the negligence of the defendants aforesaid, plaintiff SHEILA ELOME has sustained property damage to her vehicle.

42. That as a result of the negligence of the defendants, plaintiff SHEILA ELOME was deprived of the use of her vehicle and caused to spend money, including but not limited to transportation expenses and/or car rental costs.

43. That as a result of the negligence of the defendants aforesaid, plaintiff SHEILA ELOME has sustained property damage and/or transportation costs/rental expenses in the sum of FIFTEEN THOUSAND ($15,000.00) DOLLARS.

**WHEREFORE**, plaintiffs demand judgment against the defendant in the sum of which exceeds the jurisdiction of all lower courts on the First and Second Causes of Action and the sum of FIFTEEN THOUSAND ($15,000.00) DOLLARS on the Third Cause of Action, together with the costs and disbursements of this action.

Dated: Brooklyn, New York
April 10, 2020

Law Offices of Sean H. Rooney
By: ______________________
SEAN H. ROONEY, ESQ.
Attorneys for Plaintiff


***VERIFICATION***

STATE OF NEW YORK )
COUNTY OF Kings) s.s.:

I, the undersigned, being duly sworn, depose and say: I am the Plaintiff

in the action; I have read the foregoing Summons and Complaint

And know the contents thereof; the same is true to my own knowledge, except as to the matters therein state to be alleged on information and belief, and as to those matters I believe it to be true.

x [signature]

Sworn to before me on this 10th
day of April , 2020

[signature]
NOTARY PUBLIC

SEAN H. ROONEY
Notary Public - State of New York
No. 02RO5067378
Qualified in Queens County
Commission Expires 10/28/22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
----------------------------------------------------------------------X Index No.:
SHEILA ELOME and MARIE SAMEDI,

Plaintiff,

-against-

SVA TRUCKING and CARLOS SOTO-GODOY,

Defendant.
----------------------------------------------------------------------X

**SUMMONS AND COMPLAINT**

LAW OFFICE OF SEAN H. ROONEY
Attorneys for Plaintiff
26 Court Street, Ste. 1816
Brooklyn, New York 11242
(718) 243-2168