UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
SHEILA ELOME *et. al.*,

                              Plaintiff,

               - against –

SVA TRUCKING LLC, *et al.*,

                            Defendants.
----------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

21-cv-05241 (BMC)

**COGAN**, District Judge.

      Defendants, citizens of New Jersey, have removed this motor vehicle accident case from the New York Supreme Court based on diversity of citizenship, as plaintiffs are New York citizens, and defendants assert that there is more than $75,000 in controversy.

      By an Order to Show Cause, I *sua sponte* raised the issue of whether defendants' assertions regarding diversity are sufficient to support removal. See Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006). I also raised the issue of whether, even if diversity jurisdiction does exist, the case was removable as defendants submitted their notice of removal more than one year after commencement of the action in state court. Defendants' response to the Order to Show Cause cures the problem in their notice of renewal with regard to the citizenship of the parties. But they have not demonstrated the requisite amount in controversy, the case was not timely removed. Accordingly, I remand this action to state court.

## DISCUSSION

### I. Diversity Jurisdiction

"Federal courts are courts of limited jurisdiction that possess only that power authorized by Constitution and statute." Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir. 2015) (quotations omitted). One such authorized basis for jurisdiction arises in diversity, which requires both an amount in controversy in excess of $75,000 and diversity of citizenship among all of the parties. See 28 U.S.C. § 1332. In certain circumstances – and so long as the federal court has jurisdiction otherwise – the federal removal statute provides that actions originally brought in state court may be removed by the defendant to federal court. See 28 U.S.C. § 1441(a). A defendant hoping to remove a suit to federal court based on diversity bears the burden of establishing that the requirements for diversity jurisdiction are met. See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000). "[I]n light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc., 943 F.3d 613, 617 (2d Cir. 2019) (quoting another source).

### II. Amount in Controversy

As the party invoking the Court's diversity jurisdiction, defendants have "the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." United Food & Com. Workers Union, Loc. 919 v. CenterMark Properties Meriden Square, Inc., 30 F.3d 298, 304-05 (2d Cir. 1994) (quoting another source). However, the "amount in controversy must be non-speculative in order to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient."

Perez v. Sodexo, Inc., No. 20-cv-4176, 2021 WL 2333640, at *3 (E.D.N.Y. June 7, 2021); see also Valente v. Garrison from Harrison LLC, No. 15-cv-6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[B]oilerplate pleadings do not suffice to establish that [an] action involves an amount in controversy adequate to support federal diversity jurisdiction."). Notably, "if the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." Id. at *4 (cleaned up).[1]

Because N.Y. C.P.L.R. § 3017(c) prohibits the assertion of a monetary demand in a personal injury case, the jurisdictional amount is not alleged in plaintiffs' complaint. Where "[s]tate practice . . . does not permit demand for a specific sum," the notice of removal may instead assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A)(ii). However, neither defendants' notice of removal, nor the "alleged facts" contained within it, adequately establish that the amount in controversy exceeds the jurisdictional amount.

Defendants rely on plaintiffs' medical records which "mention certain injuries, including a disc herniation and a torn meniscus." Courts within the Second Circuit have held repeatedly that medical records are insufficient to establish the required jurisdictional amount. See, e.g., Steele v. Charles George Cos., No. 15-cv-281, 2015 WL 2069895, at *2 (S.D.N.Y. Apr. 27, 2015) (finding that medical records are insufficient where they do not "explicitly specify any

---

[1] Defendants argue that the removal statute additionally permits them to remove an action if the initial pleading is not removable within 30 days of receipt of "other paper from which it may first be ascertained that the case" is removable. 28 U.S.C. § 1446(b)(3). If the reason that the initial pleading was not removable is due to a lack of information about the amount in controversy, such "other paper" may include "information relating to the amount in controversy in the record of the State proceeding, or in other responses to discovery." 28 U.S.C. § 1446(c)(3)(A). Here, however, there is no "other paper" clearly setting forth the amount in controversy. See Perez, 2021 WL 2333640, at *4; see also Justino v. Wal-Mart Stores, Inc., No. 21-cv-2130, 2021 WL 961764, at *2 (S.D.N.Y. Mar. 15, 2021).

3

amount of monetary damages"); Kunstenaar v. Hertz Vehicles, LLC, No. 14-cv-1101, 2014 WL 1485843, at *2 (S.D.N.Y. Apr. 14, 2014) (noting that "an oblique reference to medical bills, standing alone, is not the explicit statement of monetary damages sought required by the Second Circuit") (internal quotations omitted); Battaglia v. Penske Truck Leasing Co. L.P., No. 08-cv-2623, 2008 WL 2946009, at *2 (E.D.N.Y. July 29, 2008) (internal quotations omitted).

Without a non-speculative amount in controversy clearly alleged, defendants' removal of this case was premature. Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010) (per curiam). As the statutory requirements for diversity jurisdiction are not met, subject matter jurisdiction is lacking.

### III. Timeliness of Removal

Ironically, not only is defendants' notice of removal premature, but it is also too late. The one-year time limit for removal prescribed by the federal removal statute bars removal in this case. See 28 U.S.C. § 1446(c)(1). Under this statute, a case may not be removed based on diversity jurisdiction "more than [one] year after commencement of the action." 28 U.S.C. § 1446(c)(1). There is one exception to this bar – if "the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). The statute clarifies that if "the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith" for purposes of tolling the one-year bar. 28 U.S.C. § 1446(c)(3)(B).

Here, defendants filed their notice of removal well over a year after plaintiffs had commenced their action in state court. Therefore, for this case to have been properly removed, defendants must prove both that plaintiffs (1) deliberately failed to disclose the amount in

4

controversy, and (2) that they did so for the purpose of preventing defendants from removing the action within the one-year window.

Defendants have not met their burden. Defendants emphasize four letters they wrote to plaintiffs asking for a response to their omnibus discovery requests. Those omnibus discovery requests included a request for a statement of damages. However, only two of those four letters, six months apart, were sent within the one-year removal period. Each requested that plaintiffs "[p]lease provide us with plaintiff's [sic] responses within ten (10) days in order to avoid the necessity of motion practice." Despite the threat of motion practice, at no point did defendants move to compel responses.

Defendants argue that "[i]t is compelling, if not obvious" that plaintiffs' delay in providing a statement of damages for over a year was done for the purpose of frustrating defendants. They further assert that "[i]t is worth noting that Plaintiffs' conveniently leave out any dollar amounts in their Verified Bill of Particulars," which plaintiffs finally provided after defendants filed their notice of removal. I don't think plaintiffs' motive is obvious, and the absence of dollar amounts in the bill of particulars is not indicative of a manipulative intent. It is equally consistent with the somewhat casual discovery practices in state court personal injury cases, or it may be that plaintiffs did not yet know the extent of their damages. See, e.g., Hill v. Delta Int'l Mach. Corp., 386 F. Supp. 2d 427 (S.D.N.Y. 2005).

In addition, defendants are in their own glass house, as they made little effort to obtain the information. Two boilerplate letters six months apart, each carrying an identical threat of motion practice that is never brought to fruition, doesn't show a lot of interest in ascertaining removability within a year. Although § 1446(c)(1) is aimed at plaintiffs' behavior, it remains defendants' responsibility to obtain the necessary information to remove a case within one year

from the commencement of the state court action. Defendants never sought to compel responses to any of their outstanding discovery requests, including the one demanding a damage calculation. The fact that defendants did not take advantage of other available avenues shows a lack of diligence on their part, not bad faith on the part of plaintiffs.

Therefore, I cannot find that plaintiffs' failure to provide a bill of particulars until now or a statement of damages was intended to prevent removal where defendants did not move the state court to compel that information before the statutory time had passed.

## CONCLUSION

The case is remanded to the Supreme Court of the State of New York, County of Kings.

**SO ORDERED.**

Digitally signed by
Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
       September 29, 2021

6